UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BAYSIDE ESTATES
HOMEOWNERS, INC.,

    Plaintiff,

v.                                        Case No.:  2:24-cv-259-SPC-KCD

WESTCHESTER SURPLUS
LINES INSURANCE COMPANY,

    Defendant.
_____/

## ORDER

Before the Court is Defendant Westchester Surplus Lines Insurance Company's Motion to Strike. (Doc. 12.)[1] Plaintiff Bayside Estates Homeowners, Inc. has responded in opposition. (Doc. 22.) For the reasons below, Defendant's motion is denied.

## I. Background

This is an insurance dispute. Plaintiff has filed a single claim for breach of contract. (Doc. 7.) The complaint alleges Defendant breached their insurance contract in three ways:

> (i) refusing to acknowledge coverage for all or a portion of the Claim, (ii) failing to pay all amounts due to Insured pursuant to the Policy for damages caused by Hurricane Ian, and (iii) acting in bad faith in the claims investigation and ultimately in the

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

attribution of wind damage to flood waters despite the damage occurring well above the determined flood line at the Property.

(Doc. 7 ¶ 20.) Defendant now moves to strike the above paragraph, arguing the references to bad faith and wrongful claims handling are immaterial, impertinent, premature, and prejudicial. (Doc. 12 at 3, 4, 7.)

## II. Discussion

Motions to strike "are generally disfavored . . . [and] often considered time wasters." *Arthurs v. Glob. TPA LLC*, No. 6:14-CV-1209-ORL-40-TBS, 2015 WL 13652716, at *1 (M.D. Fla. Feb. 6, 2015). Consistent with that treatment, "[a] court will not . . . strike a pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Ware v. Knights Enter.*, No. 8:12-CV-1981-T-30MAP, 2012 WL 6213129, at *1 (M.D. Fla. Dec. 13, 2012).

The challenged paragraph does not unreasonably confuse the issues or meaningfully prejudice Defendant. It provides relevant background information for Plaintiff's breach of contract claim. Accordingly, the Court denies the motion to strike. *See Se. Distributors, Inc. v. United Specialty Ins. Co.*, No. 16-24549-CIV, 2017 WL 960300, at *7 (S.D. Fla. Mar. 13, 2017) ("[A]lthough the Plaintiff's breach of contract claim does [not] rise or fall on those specific allegations, their inclusion provides the factual background for the Plaintiff's claim and sets forth the Plaintiff's contentions regarding the

Defendant's failure to fulfill its duties under the contract. While those allegations may arguably also set forth the facts for a bad faith claim, the allegations are not redundant, immaterial, impertinent or scandalous. Thus, the drastic remedy of striking those allegations is not warranted in this case."); *see also Fox Hollow Condo. Ass'n, Inc. v. Empire Indem. Ins. Co.*, No. 2:11-CV-131-FTM-29, 2011 WL 2222174, at *2 (M.D. Fla. June 7, 2011).

This is not to say Plaintiff can argue bad faith to the jury or publish allegations suggesting as much. Allowing reference to bad faith conduct during litigation involving a coverage dispute can prejudice the insurer and distort the jury's view of the issues. But the proper mechanism to avoid that prejudice is a motion in limine before trial, not a motion to strike. *See, e.g.*, *Wilshire Condo. Ass'n, Inc. v. QBE Ins. Corp.*, No. 10-23806-CIV, 2013 WL 12092532, at *7 (S.D. Fla. Apr. 10, 2013).

One last thing. Defendant asks for a reply to address the sufficiency of its good faith conferral efforts. (Doc. 24.) Further briefing is unnecessary; Defendant's motion tells the Court all it needs to hear. Defendant asserts it satisfied Local Rule 3.01(g) by sending Plaintiff "detailed *email* correspondence." (*Id.* ¶ 5 (emphasis added).) But the local rules do not contemplate conferral by email. To satisfy the good faith conferral requirement, parties must have "a substantive conversation in person, by

telephone, or via videoconference." (Doc. 3 at 6-7.) "[A]n exchange of ultimatums by email or letter" will not do. (*Id.*)

Accordingly, it is now **ORDERED**:

1. Defendant Westchester Surplus Lines Insurance Company's Motion to Strike (Doc. 12) is **DENIED**.

2. Defendant Westchester Surplus Lines Insurance Company's motion for leave to file a reply brief (Doc. 24) is **DENIED** as moot.

**ENTERED** in Fort Myers, Florida on April 15, 2024.

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record